UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

RONALD YACOPINO
JOANNE YACOPINO,

   Plaintiffs,

CASE NO.:

-VS-

SUNTRUST BANK.

   Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiffs, RONALD YACOPINO ("Ronald") and JOANNE YACOPINO, ("Joanne"), (collectively "Plaintiffs") by and through the undersigned counsel, and sue Defendant, SUNTRUST BANK, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Suntrust Bank from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

1

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Lee County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Estero, Lee County, Florida.

9. Plaintiffs are the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Plaintiffs are "consumers" as defined in Florida Statute § 559.55(8).

11. Defendant is a Corporation with its principal place of business located at 303 Peachtree Street NE, Suite 3600, Atlanta GA 30308, and which conducts business through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee FL 32301.

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

13. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

14. Plaintiff, Ronald, is the subscriber, regular user and carrier of the cellular telephone number (914) ***-2644 and was the called party and recipient of Defendant's calls.

15. Plaintiff, Joanne, is the subscriber, regular user and carrier of the cellular telephone number (845) ***-3077 and was the called party and recipient of Defendant's calls.

16. In or about September of 2015, Plaintiffs began receiving calls to each of the aforementioned cellular telephones from Defendant seeking to recover an alleged debt.

17. Upon receipt of the calls from Defendant, Plaintiffs' caller ID identified the calls were being initiated from, but not limited to, the following phone number: (877) 654-9211, and when that number is called, a pre-recorded message answers "Thank you for calling Suntrust Bank. Para Español, marque el nueve."

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiffs will testify that they knew it was an autodialer because of the vast number of calls they received and because when they answered a call from the Defendant they would hear an extended pause before a representative would come on the line.

19. Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

21. Defendant attempted to collect a debt from the Plaintiffs by this campaign of telephone calls.

22. On or about September 9, 2016, Ronald received a call from the Defendant, met with an extended pause, eventually was connected to a live representative, and informed that agent/representative of Defendant that he felt harassed, and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

23. During the aforementioned phone conversation on or about September 9, 2016 with Defendant's agent/representative, Ronald unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

24. Each subsequent call the Defendant made to the Ronald's aforementioned cellular telephone number was done so without the "express consent" of Ronald.

25. Each subsequent call the Defendant made to Ronald's aforementioned cellular telephone number was knowing and willful.

26. Additionally, on or about November 15, 2016, Joanne, received a call from the Defendant, met with an extended pause, eventually was connected to a live

representative, and informed that agent/representative of Defendant that she did not want the harassing calls to continue, and demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

27. During the aforementioned phone conversation on or about November 15, 2016 with Defendant's agent/representative, Joanne unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

28. Each subsequent call the Defendant made to the Joanne's aforementioned cellular telephone number was done so without the "express consent" of Joanne.

29. Each subsequent call the Defendant made to Joanne's aforementioned cellular telephone number was knowing and willful.

30. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiffs despite the Plaintiffs revoking any express consent the Defendant may have had to call their aforementioned cellular telephone number.

31. On at least three (4) separate occasions, each Plaintiff has either answered a call from Defendant or returned a call to Defendant regarding their account, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to their aforementioned cellular telephone number. Their principal reason for answering these calls and making these demands of Suntrust Bank was the cumulative

injury and annoyance they suffered from the calls placed by Suntrust Bank. These injuries are further described in paragraphs 36 through 42 herein.

32. Each of the Plaintiffs' requests for the harassment to end was ignored.

33. From on or about September 9, 2016 through the filing of this Complaint, Defendant has placed approximately three-hundred (300) telephone calls to Ronald's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of fifty-three (53) calls from November 9, 2016 through October 5, 2016).

34. From on or about November 15, 2016 through the filing of this Complaint, Defendant has placed approximately three-hundred (300) actionable calls to Joanne's aforementioned cellular telephone number. (Please see attached **Exhibit "B"** representing a non-exclusive call log of forty (40) telephone calls from November 14, 2016 through December 4, 2016).

35. Defendant intentionally harassed and abused Plaintiffs on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

36. From each and every call placed without express consent by Defendant to Plaintiffs' cell phone, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon his/her right of seclusion.

37. From each and every call without express consent placed by Defendant to Plaintiffs' cell phone, Plaintiffs suffered the injury of the occupation of their cellular telephone line and cellular phones by unwelcome calls, making their phones unavailable

for legitimate callers or outgoing calls while the phones were ringing from Defendant's calls.

38. From each and every call placed without express consent by Defendant to Plaintiffs' cell phone, Plaintiffs suffered the injury of unnecessary expenditure of his/her time. Plaintiffs had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by Defendant to Plaintiffs' cell phone was an injury in the form of a nuisance and annoyance to the Plaintiffs. For calls that were answered, Plaintiffs had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by Defendant to Plaintiffs' cell phone resulted in the injury of unnecessary expenditure of Plaintiffs' cell phones' battery power.

41. Each and every call placed without express consent by Defendant to Plaintiffs' cell phone resulted in the injury of a trespass to Plaintiffs' chattel, namely his/her cellular phone and his/her cellular phone services.

42. As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were also affected in a personal and individualized way by stress, anxiety, nervousness, and aggravation.

43. Defendant's corporate policy is structured so as to continue to call individuals like the Plaintiffs, despite these individuals explaining to Defendant they do not wish to be called.

44. Defendant's corporate policy provided no means for Plaintiffs to have Plaintiffs' number removed from Defendant's call list.

45. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

46. Defendant violated the TCPA with respect to the Plaintiffs.

47. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiffs.

## COUNT I
### (Violation of the TCPA)

48. Plaintiff, Ronald, incorporates paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

49. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

50. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

51. Plaintiff, Ronald, incorporates paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

52. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

53. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of their family with such frequency as can reasonably be expected to harass the Plaintiff or his family.

54. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

55. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual

damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the TCPA)

56. Plaintiff, Joanne, incorporates paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

57. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

58. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA)

59. Plaintiff, Joanne, incorporates paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

60. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

61. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of his/her family with such frequency as can reasonably be expected to harass the Plaintiff or her family.

62. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

63. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

s/*Shaughn C. Hill*
Shaughn C. Hill, Esquire
Florida Bar No.: 105998
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Shill@ForThePeople.com
LCrouch@ForThePeople.com
Attorney for Plaintiffs